**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599  - Facsimile**
**kam@kam13trustee.com**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

IN RE:

JOEL D SESSIONS

CHAPTER 13

CASE NO.  16-01340-TLM

**TRUSTEE'S FINDINGS AND RECOMMENDATIONS**

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Recommendation for Confirmation states that she has reviewed the Debtor(s) plan, petition, and any amendments and does not believe that the Plan complies with the provisions of 11 USC Section 1325 (a) and (b) including best effort, best interest and good faith and/or with Section 1326.

**MATTERS AT ISSUE:**

1. Debtor has yet to make any payment in this case which was filed on October 18, 2016. In the event that the Debtor is not current at the time of confirmation, the Trustee will request that the case be dismissed.
2. There is no automatic stay in this case as the Debtor had a prior Chapter 13 proceeding which was dismissed in May 2016.
3. Debtor's plan fails to provide for the secured claim of Quantum 3 Group on behalf of Kay Jewelers in the amount of $1,093. The Debtor indicated that he gave the jewelry to a prior spouse who now lives in the Ukraine.
4. Although the Debtor is currently married, his spouse will be deported as soon as she can be located by officials. Per the Debtor, he met his current wife online and facilitated her move to the United States from Columbia. She is currently not contributing to the household as she has not resided with the Debtor for the last year and is not costing him any money. Debtor will need to file an amended Schedule I if he has a change in his household income during the term of this plan.

5. Debtor's Form 22C incorrectly indicates that the Debtor has a household of three. Debtor has a household of two as he does not know where his wife is and she does not reside with him.

6. Counsel has modified paragraph 4.3 of the plan to require that he be paid over the first nine months. Plan payments are insufficient to pay attorney's fees over nine months along with the secured and priority claims. Confirmation should be denied and the plan amended to modify this provision. Currently there will only be approximately $128 per month available to pay attorney's fees.  If the mortgage default comes in higher then this amount will be reduced even further.


DATED:  December 6, 2016


/s/  Kathleen McCallister__
**Kathleen McCallister, Trustee**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 6, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

HYRUM MASON ZEYER
Attorney at Law
HYRUM@PETERSONZEYERLAW.COM

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

JOEL D SESSIONS
11003 WEST PETUNIA DRIVE
BOISE, ID 83709

**/s/** Matthew Mallard
**Matthew Mallard, Case Administrator**